## HAMILTON v. SALT LAKE CITY CORP. et al.

No. 7650.   Decided November 20, 1951.   (237 P. 2d 841.)

See 62 C. J., Theaters and Shows, sec. 55. Baseball game, injury to patron attending. 52 Am. Jur., Theaters. Shows, Exhibitions, and etc., sec. 56; 142 A. L. R. 858.

*Oscar W. Moyle, Jr., Dan T. Moyle,* Salt Lake City, for appellant.

*Ray R. Christensen,* City Atty., *Homer Holmgren,* Asst. City Atty. and *Alonzo P. Kesler,* Asst. City Atty., all of Salt Lake City, for respondents.

HENRIOD, Justice.

This is an appeal from an order made by the trial court on pre-trial dismissing plaintiff's complaint without prejudice on the ground that as a matter of law defendants were not negligent toward plaintiff and that the latter had assumed the risk of any injury sustained by her. Affirmed, with costs to respondents.

Plaintiff complained that Salt Lake City negligently constructed and maintained its ball park by failing to erect a screen in front of spectators so as to prevent foul balls from hitting them; that as a result thereof plaintiff, who had paid for and chosen a seat 15 feet behind a screen 32 feet high and 150 feet wide, considering, assuming and choosing the same as being a place of safety, was, in the 14th inning of a ball game, struck on the spine by a foul ball knocked over the top of the screen.

There was no allegation or evidence that the screen itself was defective, that plaintiff requested the management to

direct her to a place of safety, that she was directed to the seat by anyone but herself, was assured by anyone that it was safe, or that there was any danger known to the management, unknown to her, entitling her to notice. Nor is there any allegation or evidence that she was not familiar with baseball and its attendant hazards, was not of normal intelligence and understanding, or that the management knew or should have known of such unfamiliarity or abnormality.

Plaintiff contends that since the pre-trial order contained findings that plaintiff ■

"desiring and intending to view said game from a place of safety, selected a seat about 15 feet behind and in the center of the screened portion of the grandstand which she considered and assumed to be, and which she selected as being in a place of safety where she could not be injured by batted or thrown balls",

raised a question of fact which should have been given to the jury. We believe this allegation, if proved in toto, would justify a court in directing a verdict for the defendant under the authorities, and hence justified the court in ruling as a matter of law that defendant had discharged its duty toward plaintiff and that plaintiff had assumed the risk of possible injury from foul balls. Plaintiff selected the place she deemed safest. Such voluntary selection indicates that she must have sensed greater danger elsewhere, must have seen, as all, including the management, could have seen, the physical conditions of the park. The finding also negatives any attempt on her part to seek out the management to secure a place of greater safety, and there is nothing in the record to indicate that had she done so a different seat offering greater protection would not have been made available. Pictures of the grandstand with the protective screen were admitted in evidence, and reflect nothing hidden from the normal eye, and nothing that an ordinary prudent invitee might not discover as easily as the invitor or anyone else.

The authorities cited by plaintiff enunciate principles with which we agree, primarily to the effect that ball park management must use reasonable care in providing a reasonably safe place for its patrons. From the record it would appear that the defendant satisfactorily shouldered such burden and discharged its duty of care to plaintiff, who assumed the risk of danger so common to baseball, that of being struck by foul balls, within the principles announced in *Quinn* v. *Recreation Park Ass'n,* 3 Cal. 2d 725, 46 P. 2d 144, 146, where it was said:

"With respect to the law governing cases of this kind, it has been generally held that one of the natural risks assumed by spectators attending professional games is that of being struck by batted or thrown balls; that the management is not required, nor does it undertake to insure patrons against injury from such source. All that is required is the exercise of ordinary care to protect patrons". See also *Hudson* v. *Kansas City Baseball Club,* 349 Mo. 1215, 164 S. W. 2d 318, 142 A. L. R. 858, and the authorities cited, and *Leek* v. *Tacoma Baseball Club, Wash.,* 229 P. 2d 329.

WOLFE, C. J., WADE and McDONOUGH, JJ., and LARSON, District Judge, concur.

CROCKETT, J., being disqualified, did not participate.